**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HARRIS CORPORATION,**
               **Plaintiff,**

**-vs-**                                                        **Case No. 6:07-cv-796-Orl-31DAB**

**REMBRANDT TECHNOLOGIES, LP,**
               **Defendant.**

_____

## ORDER

This matter comes before the Court on the Motion for Stay of Action (Doc. 40) filed by the Defendant, Rembrandt Technologies, LP ("Rembrandt"), and the response (Doc. 42) filed by the Plaintiff, Harris Corporation ("Harris").

**I.     Background**

This is a breach of contract and declaratory judgment case involving patent licenses. Rembrandt holds the rights to U.S. Patent No. 5,243,627 (the "'627 Patent"), which involves digital television signals. According to Harris, as a prerequisite to participating in a group that would establish technical standards for digital television, Rembrandt's predecessor in interest agreed to license the '627 Patent on fair, reasonable, and nondiscriminatory terms. Harris seeks a declaration that Rembrandt is bound by this (alleged) agreement and has breached it.

Rembrandt has sued numerous parties around the country (but not Harris) for alleged infringement of the '627 Patent, among others. These actions have been consolidated and

transferred to the District Court of Delaware.[1]  According to Rembrandt, the defendants in that consolidated litigation are asserting a right to a license on the same grounds asserted by Harris in this case.  Rembrandt contends that this case should be stayed until the consolidated litigation is resolved.

## II.     Legal Standards

As between federal district courts, the general principle is to avoid duplicative litigation. *Colorado River Water Conservation District v. United States*, 424 U.S 800, 817 (1976).  Trial courts are afforded broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court. *I.A. Durbin, Inc. v. Jefferson Nat. Bank*, 793 F.2d 1541, 1551-52 (11th Cir. 1986).  To warrant a stay, it is not mandatory that either the parties or the issues in the two cases be identical. *Landis v. North American Co.*, 299 U.S.  248, 254 (1936).  "Although no precise test has been articulated for making this determination, the general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions." *I.A. Durbin* at 1551 (internal citation omitted).  However, "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis* at 1255.

The party moving for a stay bears the burden of demonstrating that it is appropriate.  *Id.* at 254-56.  If a stay would create hardship for a party, then the movant must demonstrate that it would suffer hardship or inequity from going forward.  *Id.* at 255.  Therefore, it is the opposing

---

[1]The consolidation occurred approximately three months ago, and it appears that most of the cases are in the earliest stages of discovery.  (Doc. 43-11 at 3).

party's burden initially to demonstrate hardship. *Government of Virgin Islands v. Neadle*, 8 61 F.Supp. 1054 (M.D.Fla. 1994). Before granting a stay pending resolution of another case, the court must carefully consider the time reasonably expected for resolution of the other case. *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983). "Stay orders will be reversed when they are found to be immoderate or of an indefinite duration." *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982) (citing *Landis*).

### III.   Analysis

Rembrandt contends that this action ought to be stayed because it is duplicative of the consolidated litigation and because resolution of that litigation might render this one unnecessary. There is a marked similarity between this case and the consolidated litigation, as both involve Rembrandt as a party and the issue of mandatory licensing of the '627 Patent. There, however, the similarities end. Harris is not a party to the consolidated litigation, which involves numerous parties who are not before this Court. Further, although the licensing issue does overlap, the consolidated litigation involves questions of patent validity that are not at issue here.[2] Simply stated, there are significant differences between the parties and issues in this case and those in the consolidated litigation. In addition, there is no indication as to how long a stay would be required to see the consolidated litigation through to its conclusion. The consolidated litigation – much of which appears to be in the earliest stages – involves at least a dozen parties fighting over more

---

[2] According to the June 18, 2007 transfer order from the Judicial Panel on Multidistrict Litigation (Doc. 43-11), the consolidated litigation consists of fifteen actions then pending in three districts, each of which involved allegations of infringement of one or more of nine patents. According to the transfer order, Rembrandt opposed consolidation, arguing that "inconsistent rulings are unlikely to arise in the actions [and] unique questions of fact relating to each patent will predominate over common factual questions among these actions." (Doc. 43-11 at 3).

than a half-dozen patents. The amount of time to resolve those cases "can safely be described as [] indefinite." *CTI-Container Leasing Corp.* at 1288. Without some indication of how long the other proceedings will require, Rembrandt's request to stay this case for a year and revisit the issue periodically (Doc. 40 at 5) is effectively a request for an indefinite stay, and therefore improper under *Landis*.

**IV. Conclusion**

In consideration of the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Motion for Stay of Action (Doc. 40) filed by the Defendant, Rembrandt Technologies, LP is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 20, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party